■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM ROGERS FARRELL and GEORGE R. PIGEON, Appellants.— Appeal from a judgment of the Albany County Court convicting both defendants of burglary, third degree, and petit larceny. The gist of the charge in the indictment consisted of breaking and entering a garage and breaking open a cigarette vending machine and taking both money and cigarettes therefrom, and taking a small amount of money from the cash register. The defendants were tried before a jury and found guilty. Confessions were introduced in evidence at the trial. There was other substantial evidence pointing strongly to the guilt of the defendants. The only question raised upon this appeal is that the confessions were involuntary and were obtained by the police as a result of beatings. The defendants testified and offered some evidence by others that they were beaten by the police to an extent which left physical marks upon their faces and bodies, and claim that as a result thereof they made the confessions. The police officers whom the defendants accused categorically denied at the trial that any physical force or coercion of any kind was used, and said that the confessions were voluntary. There was presented testimony of the jail physician that he saw the defendants; that there were no physical marks on their faces or bodies, and that they complained of none. The trial court fairly and correctly instructed the jury that the confessions could not be accepted unless the jury found that it was established beyond a reasonable doubt that they were voluntarily

made. In this situation a clear question of fact was presented as to whether the defendants and their witnesses were telling the truth or whether the People's witnesses were telling the truth. The jury, who saw and heard the witnesses on both sides, has rejected the defendants' version of the manner in which the confessions were obtained. We may not substitute our judgment for the judgment of the jury unless the verdict was against the weight of evidence. While coercion of any kind in obtaining a confession makes the confession worthless, we may not say upon this record that anything but a question of fact was presented and it was properly submitted to and decided by the jury. (*People* v. *Barbato*, 254 N. Y. 170; *People* v. *Doran*, 246 N. Y. 409; *People* v. *Randazzio*, 194 N. Y. 147, 156.) Judgment of conviction unanimously affirmed. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.